

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. L. Chandler
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-4426
Re: County officers - Collection
of delinquent fees

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In 1940 Montague County was on a fee system, but under the new census it was mandatory that it go on the salary basis in 1941.

"We would like to know if delinquent fees earned by the different officials in 1940 should be retained by these officials or should these fees as collected be turned over to the County. For example, if a District Clerk whose salary for 1941 was set at $200.00 a month and he collects during the year say $400.00 fees earned in 1940 could he retain the amount or should he turn it over to the County."

Article 3892, Vernon's Annotated Texas Civil Statutes, is in point and reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

by Articles 3883, 3883-A, and 3886 for the
year in which delinquent fees were charged,
and also retain the amount of excess fees au-
thorized by law, and the remainder of the
delinquent fees for that fiscal year shall
be paid as herein provided for when collect-
ed; provided, the provisions of this Article
shall not apply to any officer after one year
from the date he ceases to hold the office
to which any delinquent fee is due, and in
the event the officer earning the fees that
are delinquent has not collected the same
within twelve months after he ceases to hold
the office, the amount of fees collected
shall be paid into the county treasury. Pro-
vided, however, that nothing in this Act
precludes the payment of ex-officio fees in
accordance with Title 61 of the Revised Civil
Statutes of Texas, 1925, as part of the maxi-
mum compensation. Provided, that any change
made in this Article by this Act shall not
apply to fees heretofore earned."

We assume from your letter that the officials who
earned the fees in 1940 are still in office. If this be
true and if said officials have not already collected the
maximums allowed them under Articles 3883 and 3891, V.A.C.S.,
they would be entitled to apply such fees to the making up
of their maximums as outlined by the statutes.

For example, if the District Clerk mentioned in
your letter as having collected in 1941 $400.00 of fees
earned by him in 1940 (when he was on the fee system in
1940), collected fees of $2,000.00 in 1940, said clerk would
be entitled to retain all of said $400.00. (The first
maximum or maximum allowed by Article 3883, V. A. C. S.,
to the District Clerk of Montague County, a county having
a population of less than 25,000 inhabitants according to
the 1930 and 1940 Federal Censuses, is $2,400.00 and the
second or full maximum allowed by Article 3891, V. A. C. S.,
to said District Clerk is $3,000.00). If said District
Clerk collected $2,300.00 of fees in 1940 and collected
$400.00 delinquent fees in 1941 (which were earned by him

Honorable I. L. Chandler, Page 3

in 1940 while he was on the fee system) he would be entitled to retain $200.00 of the $400.00 collected and would have to pay over $200.00 of same to the county treasury.

We enclose herewith a copy of opinion No. O-2290 of this department which contains a full discussion of Article 3892, V. A. C. S., and the disposition of delinquent fees.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   (s)   Wm. J. Fanning
                    Assistant

WJF:GO

ENCLOSURE

APPROVED FEB. 20, 1942
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By  B.W.B.   Chairman